**NOT FOR PUBLICATION**

```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY

                                  :    MEMORANDUM OPINION
JAYEFF CONSTRUCTION CORP.,        :
                                  :
     Plaintiff,                   :
                                  :    CIVIL ACTION NO. 05-5027 (MLC)
     v.                           :
                                  :
LABORERS' INTERNATIONAL UNION     :
OF NORTH AMERICA, et al.,         :
                                  :
     Defendants.                  :
                                  :
                                  :
LABORERS' INTERNATIONAL UNION     :
OF NORTH AMERICA, et al.,         :
                                  :
     Plaintiff,                   :
                                  :    CIVIL ACTION NO. 05-5464 (MLC)
     v.                           :
                                  :
JAYEFF CONSTRUCTION CORP.         :
                                  :
     Defendant.                   :
                                  :
                                  :
NEW JERSEY BUILDING LABORERS      :
STATEWIDE BENEFIT FUNDS & THE     :
TRUSTEES THEREOF,                 :
                                  :
     Plaintiffs,                  :
                                  :    CIVIL ACTION NO. 05-5465 (MLC)
     v.                           :
                                  :
JAYEFF CONSTRUCTION CORP.         :
                                  :
     Defendant.                   :
                                  :
```

**COOPER, District Judge**

## INTRODUCTION

The present procedural posture of this case is essentially a dispute between Jayeff Construction Corp. ("Corporation"), and certain labor unions ("labor unions") (as well as certain benefit funds ("Benefit Funds")), in which (1) the labor unions contend that the Corporation was contractually required to hire union workers, and (2) the Corporation denies that it entered into certain collective bargaining agreements, or, in the alternative seeks rescission of those agreements.  (Dkt. entry no. 1, Notice of Removal, Ex. A., Compl. at 1, 5-7.)  See Laborers' Int'l Union v. Jayeff Constr. Corp., No. 05-5464 (MLC), dkt. entry no. 1, Compl.  This litigation was originally brought by the Corporation in New Jersey Superior Court in 2005 and was removed to this Court by the labor unions.  (Notice of Removal.)  Separate actions brought here by the labor unions and the Benefit Funds respectively, were consolidated into this action.  (Dkt. entry no. 6, 3-10-06 Order.)  The labor unions moved to compel arbitration in 2006 pursuant to the Federal Arbitration Act ("FAA").  (Dkt. entry no. 10, Mot. to Compel Arbitration.)  This Court denied that motion, ruling that the motion was untimely as filed outside of the six-month statute of limitations period specified by the FAA. (Dkt. entry no. 16, 7-27-06 Order ("July 2006 Order".)  The consolidated actions then proceeded into

discovery and motions practice.  (Dkt. entry no. 52, Corp. Br. at 15.)

The current motion is styled as a motion by the one of the labor unions, the Southern New Jersey Building Laborers District Council ("Union"), to permit it to proceed unilaterally to arbitration.  (Dkt. entry no. 50, Mot. to Proceed to Arbitration.)  The Magistrate Judge previously entered an order, which is still in effect, staying the Union from proceeding in any pending arbitration proceedings.  (Dkt. entry no. 44, 11-21-08 Order ("November 2008 Order.")[1]  The Corporation opposes the current motion, arguing that due to extensive litigation in which the Union has engaged, it has waived its right to arbitrate these issues.  (Corp. Br. at 28-29.)  The Court, for the reasons stated herein, will deny the motion to proceed to arbitration.  All parties recognized at oral argument that if this motion is denied, the practical effect would be an injunction against the Union.  (10-16-09 Hr'g Tr. at 21.)  There is, however, no pending request for an injunction, as the Corporation has not cross-moved for an injunction.  Therefore, we hereby place the parties on notice that without a motion for an injunction, this matter

---

[1] The Court affirmed the Magistrate Judge's order.  (Dkt. entry no. 49, 2-10-09 Order.)  Although affirming the November 2008 Order, the Court did state that it would consider whether the July 2006 Order permitted the labor unions to proceed to arbitration unilaterally if a motion to proceed were made directly to the Court.  (Id.)

remains unresolved as to whether the Union may proceed. We also notify the parties that it may be appropriate to strike the Corporation's demand for a jury trial.

## DISCUSSION

### I. This Court has Jurisdiction over the Consolidated Action on Several Bases

The Court has jurisdiction over the first action brought by the Corporation pursuant to the Labor Management Relations Act ("LMRA"). The LMRA preempts the state law claims that the Corporation originally brought against the labor unions. (3-10-06 Order.) The Court has jurisdiction over the second action to compel arbitration, brought by the labor unions pursuant to the LMRA and the FAA. See Laborers', No. 05-5464 (MLC), dkt. entry no. 1, Compl. The Court has jurisdiction over the third action, brought by the Benefit Funds pursuant to the Employee Retirement Investment Security Act ("ERISA")and the LMRA. (Dkt. entry no. 40, Amend. Compl.)[2]

### II. Waiver of Right to Arbitration

New Jersey law permits a labor dispute to proceed unilaterally in arbitration. This can occur where, as here, it

---

[2] No party suggests that the ERISA issues raised by the Benefit Funds should be subject to arbitration. The parties recognize, however, that any rights the Benefits Funds have are dependent on the labor unions prevailing on their claim that the Corporation is bound under the collective bargaining agreement. This Court would necessarily retain the ERISA claims whether or not the other claims proceed to arbitration.

4

is determined that one party cannot be compelled to arbitrate but the other party chooses to submit the dispute to arbitration without the adversary's participation. N.J.A.C. § 12:105-4.8(c). The Corporation argues, however, that the Union has waived its right to proceed to unilateral arbitration in this matter. (Corp. Br. at 19.)

The right to arbitration can, in fact, be waived, but waiver should not be lightly inferred. Palcko v. Airborne Express, Inc., 372 F.3d 588, 598 (3d Cir. 2004). "[P]rejudice is the touchstone for determining whether the right to arbitrate has been waived." Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912, 925 (3d Cir. 1992). Thus, waiver can only be found when prejudice to the non-moving party is demonstrated. Bank v. Inchon, LLC, No. 06-1971, 2006 WL 255407, at *2 (D.N.J. Aug. 15, 2006). "[W]aiver will normally be found only where the demand for arbitration came long after the suit commenced and when both parties ha[ve] engaged in extensive discovery." Zimmer v. Cooper Neff Advisors, Inc., 523 F.3d 224, 231-32 (3d Cir. 2008). The Third Circuit Court of Appeals has "compiled a nonexclusive list of factors relevant to the prejudice inquiry," which includes both "the timeliness . . . of a motion to arbitrate [and] the extent to which both parties have engaged in discovery." Ehleiter v. Grapetree Shores, Inc., 482 F.3d 207, 222 (3d Cir. 2007). In Hoxworth, waiver was found because the party seeking

arbitration, <u>inter alia</u>, waited eleven months before seeking to arbitrate, took multiple depositions, and conducted discovery that would not have been available in an arbitration setting. 980 F.2d at 925-26.

### III. The Plaintiff has Waived its Right to Arbitrate

An evaluation of the facts at hand weighs in favor of finding prejudice to the Corporation and waiver of arbitration in this matter.  The Corporation asserts that it has suffered prejudice because of the great costs it has assumed in litigating this matter for over three years.  (Corp. Br. at 29.)  The Corporation further asserts that it is prejudiced due to the Union's participation in and benefit from discovery that would have been unavailable to it in arbitration.  (<u>Id.</u> at 28-29.) While the length of time between the commencement of the action and the motion to arbitrate is not determinative, it does weigh in favor of waiver.  <u>Zimmer</u>, 523 F.3d at 232.  In <u>Hoxworth</u>, the Court found waiver when the plaintiffs suffered prejudice by "devot[ing] substantial amounts of time, effort, and money in prosecuting the action . . . [and] defendants were able to use the Federal Rules to conduct discovery not available in the arbitration forum."  980 F.2d at 926.

The facts of this case are similar to those of <u>Hoxworth</u>. Here, the original motion to compel arbitration was denied in July 2006.  (Mot. to Compel Arbitration.)  The current motion to

6

proceed unilaterally to arbitration was not made until March 2009.  (Mot. to Proceed to Arbitration.)  The Union has thus waited nearly three years to make this unilateral motion.  The Union neither sought reconsideration of the July 2006 Order, nor appealed it.  This time gap weighs in favor of a finding of waiver of the right of arbitration.  Further, the Union has utilized and benefited from the discovery process that would have been unavailable to it in arbitration.  The parties have engaged in almost three years of discovery and multiple depositions.  (7-26-06 Hr'g Tr.)  Finally, the Corporation has been prejudiced by the costs of extensive litigation.  (Corp. Br. at 29.)  Because of the lengthy litigation and discovery that has occurred, the Court finds that the Corporation would be prejudiced if we now permit the Union to proceed to arbitration.  As such, the Union has waived its right to arbitrate and its motion to proceed to arbitration will be denied.

**IV.  Right to a Jury Trial**

The Corporation, at oral argument, indicated that it is seeking a jury trial.  (10-16-09 Hr'g Tr. at 32.)  Actions brought pursuant to the LMRA, however, are not guaranteed a jury trial.  To determine whether the LMRA provides for a jury trial, the Court must first examine the statutory language to determine whether there exists an intent to grant such a right.  Brown v. Sandimo Materials, 250 F.3d 120, 125 (2d Cir. 2001).

7

There is no language in the LMRA to indicate an intention to permit claims thereunder to be tried by a jury.  Id. at 126.  Because the LMRA is silent on the issue, the Court must then determine whether the Seventh Amendment provides a jury right.  Id.  The Court determines this by evaluating the cause of action to determine whether it is "one of law or one of equity."  Id.  Only legal claims brought under the LMRA provide for a jury trial.  Nedd v. United Mine Workers of Am., 556 F.2d 190, 207 (3d Cir. 1977).  The Corporation seeks a declaratory judgment, and brings claims for reformation, mutual mistake, equitable fraud, and equitable estoppel. (Compl.)  As such, the Corporation is seeking equitable relief and it appears there is no right to a jury trial.  We hereby give notice to the parties that if they wish to obtain a ruling on this issue, they must engage in motion practice.

## CONCLUSION

The Court, for the reasons stated supra, will deny the motion seeking to proceed to arbitration unilaterally.  The Court acknowledges that this resolution is incomplete because the Corporation did not cross-move for, inter alia, permanent injunctive relief.  The Court will issue an appropriate order.

    s/Mary L. Cooper  
**MARY L. COOPER**  
United States District Judge

Dated:   November 30, 2009